UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MAXIMILLIAN MOORE,

                        Plaintiff,

v.

NANCY A. BERRYHILL,[1] ACTING COMMISSIONER
OF SOCIAL SECURITY,

                        Defendant.

Case # 16-CV-618-FPG

DECISION AND ORDER

      Maximillian Moore ("Moore" or "Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied his applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

      Both parties have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 10, 16. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

      On July 18 and July 29, 2014, Moore applied for SSI and DIB with the Social Security Administration ("the SSA"). Tr.[2] 175-82. He alleged that he had been disabled since May 1, 2014 due to a brain injury, back and neck issues, difficulty standing and walking, constant pain, sleep disturbances, hearing voices, and depression. Tr. 206. On February 10, 2016, Moore and a

---

[1]     Nancy A. Berryhill is now the Acting Commissioner of Social Security and is therefore substituted for Carolyn W. Colvin as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).
[2]     References to "Tr." are to the administrative record in this matter.

vocational expert ("VE") testified at a hearing before Administrative Law Judge Robert T. Harvey ("the ALJ"). Tr. 69-93. On February 26, 2016, the ALJ issued a decision finding that Moore was not disabled within the meaning of the Act. Tr. 20-31. On June 7, 2016, the Appeals Council denied Moore's request for review. Tr. 1-6. Thereafter, Moore commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial

gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

# DISCUSSION

## I.   The ALJ's Decision

The ALJ's decision analyzed Moore's claim for benefits under the process described above.  At step one, the ALJ found that Moore had not engaged in substantial gainful activity since the alleged onset date.  Tr. 22.  At step two, the ALJ found that Moore has the following severe impairments: depression with psychotic features and borderline intellectual functioning.  Tr. 22-23.  At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal any Listings impairment.  Tr. 23-24.

Next, the ALJ determined that Moore retained the RFC to perform medium work[3] with additional limitations.  Tr. 24-29.  Specifically, the ALJ found that Moore cannot work at unprotected heights or around dangerous, moving, or heavy machinery; cannot climb ropes, ladders, or scaffolds; and can occasionally understand, remember, and carry out detailed instructions, maintain attention and concentration for extended periods, interact appropriately with the public, and deal with stress.  Tr. 24-25.

At step four, the ALJ indicated that Moore has no past relevant work.  Tr. 29.  At step five, the ALJ relied on the VE's testimony and found that Moore can adjust to other work that exists in significant numbers in the national economy given his RFC, age, education, and work experience.  Tr. 29-30.  Specifically, the VE testified that Moore could work as an industrial cleaner.  Tr. 30.  Accordingly, the ALJ concluded that Moore was not "disabled" under the Act.  Tr. 30-31.

---

[3]   "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.  If someone can do medium work, [the SSA] determine[s] that he or she can also do sedentary and light work."  20 C.F.R. §§ 404.1567(c), 416.967(c).

**II.     Analysis**

Moore argues that remand is required because the ALJ's credibility assessment is not supported by substantial evidence.[4]  ECF No. 10-1, at 28-30; ECF No. 18, at 9-10.  Specifically, Moore asserts that the ALJ erred by finding him "not entirely credible" without any explanation whatsoever.  *Id.*  The Court agrees.

The ALJ must consider the claimant's statements about his or her symptoms and how those symptoms affect his or her daily activities and ability to work.  20 C.F.R. §§ 404.1529, 416.929.  However, the claimant's statements about his or her symptoms will not alone establish that he or she is disabled.  *Id.*  Thus, the ALJ must follow a two-step process when considering the claimant's alleged symptoms and their effect on his or her ability to work.

First, the ALJ must consider whether the medical evidence shows any impairment that "could reasonably be expected to produce the pain or other symptoms alleged[.]"  20 C.F.R. §§ 404.1529(a), 416.929(a).  Second, if such an impairment is shown, the ALJ must evaluate the "intensity and persistence" of the claimant's symptoms to determine the extent to which they limit his or her work capacity.  20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1).

When the objective medical evidence alone does not substantiate the claimant's alleged symptoms, the ALJ must assess the credibility of the claimant's statements considering the following factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate symptoms; (5) other treatment received to relieve symptoms; (6) any measures the claimant has taken to relieve

---

[4]     Moore advances other arguments that he believes warrant reversal of the Commissioner's decision.  ECF No. 10-1, at 13-28; ECF No. 18, at 1-9.  However, the Court will not address those arguments because it disposes of this matter based on the ALJ's improper credibility assessment.

symptoms; and (7) any other factors concerning the claimant's functional limitations and restrictions due to symptoms. 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii), 416.929(c)(3)(i)-(vii).

The ALJ's credibility findings "must be set forth with sufficient specificity to permit intelligible plenary review of the record." *Phelps v. Colvin*, 20 F. Supp. 3d 392, 403 (W.D.N.Y. 2014) (quotation marks and citation omitted). Social Security Ruling 96-7p warns that:

> It is not sufficient for the [ALJ] to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the [ALJ] simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain *specific reasons* for the finding on credibility, supported by the evidence in the case record, and must be *sufficiently specific* to make clear to the individual and to any subsequent reviewers the weight the [ALJ] gave to the individual's statements and the reasons for that weight.

S.S.R. 96-7p, Policy Interpretation Ruling Titles II & XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, 1996 WL 374186, at *2 (S.S.A. July 2, 1996) (emphasis added).[5]

Here, the ALJ's credibility determination is conclusory and insufficient. The ALJ stated that:

> After careful consideration of the evidence, the undersigned finds that [Moore]'s medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Moore]'s statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.

Tr. 25. Although the ALJ indicated that the credibility determination would be explained later in his decision, the ALJ never explained why he found Moore "not entirely credible." He merely

---

[5] The Court notes that S.S.R. 96-7p was recently superceded by S.S.R. 16-3p, which became effective on March 28, 2016. S.S.R. 96-7p, however, remains the relevant guidance for the purposes of Moore's claim, which was filed in July of 2014. *See Bailey v. Colvin*, No. 1:15-CV-00991 (MAT), 2017 WL 149793, at *5 n.2 (Jan. 14, 2017).

6

concluded at the end of his decision that "[Moore]'s testimony is credible, but not to the extent alleged" and that "[Moore]'s subjective complaints are less than fully credible and the objective medical evidence does not support the alleged severity of symptoms." Tr. 29. Although the ALJ's decision summarizes Moore's daily activities and medication use, which are relevant factors to consider in the credibility analysis, it lacks specific explanation as to how those factors affected Moore's credibility. Tr. 29; *see* S.S.R. 96-7p, 1996 WL 374186, at *2.

For the reasons stated, the Court finds that the ALJ's credibility assessment is not supported by substantial evidence. The ALJ failed to specifically explain why he found Moore's statements not credible. Thus, it is unclear to Moore and to the Court what weight the ALJ gave to Moore's statements and the reasons for that weight. Accordingly, remand is required.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 10) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 16) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000); 42 U.S.C. § 1383(c)(3). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: July 13, 2017
      Rochester, New York

                                                  HON. FRANK P. GERACI, JR.
                                                  Chief Judge
                                                  United States District Court